WILLIAM A. HUPY, District Attorney Marinette County
You have posed the following question:
 In a situation where a child, as defined in Wis. Stats. Sec. 48.981 (1) (b), is brought to a hospital for drug treatment due to an overdose of drugs or alcohol, are the hospital personnel *Page 343 
required to report pursuant to 48.981 (2) or does Wis. Stats. Sec. 51.30 (4)(a), (c) prevail and thereby prohibit such disclosure.
In my opinion the hospital personnel are required to report the facts and circumstances contributing to a suspicion of child abuse or neglect notwithstanding any of the terms in sec. 51.30, Stats.
Section 48.981, Stats., in material part provides:
 ABUSED OR NEGLECTED CHILDREN. (1) Definitions. In this section:
. . . .
(b) "Child" means any person under 18 years of age.
. . . .
 (2) Persons required to report cases of suspected child abuse or neglect. A physician, coroner, medical examiner, nurse, dentist, chiropractor, optometrist, or any other medical or mental health professional, social or public assistance worker, school teacher, administrator or counselor, child care worker in any day care center or child caring institution or police or law enforcement officer having reasonable cause to suspect that a child seen in the course of professional duties has been abused or neglected shall report as provided in sub. (3). Any other person having reason to believe that a child has been abused or neglected may make such a report. No person making a report under this subsection may be discharged from employment for so doing.
 (3) Procedures. (a) Initial report. Persons required to report under sub. (2) shall immediately contact, by telephone or personally, the county agency, sheriff or city police department and shall inform the agency or department [of Health and Social Services] of the facts and circumstances contributing to a suspicion of child abuse or neglect. . .
. . . .
 (10) Confidentiality. (a) 1. All reports and records made under this section and maintained by the department, county agencies, the central registry and other appropriate persons, *Page 344 
officials and institutions shall be confidential, except that confidentiality of and access to preliminary investigative reports maintained by the department shall be governed solely by sub. (7).
Section 51.30, Stats., in material part provides:
RECORDS. (1) Definitions. In this section:
 (a) "Registration records" include all the records of the department, boards established under s. 51.42
or 51.437, treatment facilities, and other persons providing services to the department, boards or facilities which identify individuals who are receiving or who at any time have received services for mental illness, developmental disabilities, alcoholism or drug dependence.
 (b) "Treatment records" include the registration and all other records concerning individuals who are receiving or who at any time have received services for mental illness, developmental disabilities, alcoholism, or drug dependence which are maintained by the department, by boards established under s. 51.42 or 51.437 and their staffs, and by treatment facilities. Such records do not include notes or records maintained for personal use by an individual providing treatment services for the department, a community board established under s. 51.42 or 51.437, or a treatment facility if such notes or records are not available to others.
. . . .
 (4) Access to registration and treatment records. (a) Confidentiality of records. Except as otherwise provided in this chapter and ss. 905.03 and 905.04, all treatment records shall remain confidential and are privileged to the subject individual. Such records may be released only to the persons designated in this chapter or s. 905.03 and 905.04, or to other designated persons with the informed written consent of the subject individual as provided in this section. This restriction applies to elected officials and to members of boards established under s. 51.42 or 51.437. *Page 345 
Section 51.30 (4) (b), Stats., sets forth exceptions to the confidentiality restrictions. Information can be disclosed in narrow circumstances, for example, for purposes of audits, for billing and collection, for certain research, to staff members of the Department of Health and Social Services and others as necessary to determine progress of treatment, and to physicians. But the confidentiality restriction binds those persons and groups. Section 51.30 (4)(c), Stats., allows the Department to impose additional restrictions as may be necessary to secure federal funds. Damages may be recovered and penalties imposed for violations. Sec. 51.30 (9) and (10), Stats. Employes violating this section may be suspended or discharged. Sec. 51.30 (11), Stats.
There is only a very narrow conflict between these two statutes. As an example, assume that a physician acting pursuant to sec. 48.981 (3)(a), Stats., reports to police and the county agency the facts and circumstances supporting his or her suspicion of child abuse or neglect. Assume further that part of the information reported by the physician is derived from treatment records, defined in sec. 51.30 (1) (b), Stats., as including "all other records concerning individuals who are receiving or who at any time have received services for . . . alcoholism [or] drug dependence which are maintained by . . . treatment facilities." Nothing in sec. 51.30, Stats., permits disclosure of those treatment records, orally or otherwise, to law enforcement agencies or to county agencies.
Despite this conflict, albeit narrow, I am persuaded that the overall legislative intent is to require reporting under sec.48.981 (3)(a), Stats., notwithstanding sec. 51.30, Stats. First, the reports under sec. 48.981, Stats., themselves are confidential. All reports and records made under this section . . . shall be confidential." Sec. 48.981 (10)(a)1., Stats. The essential difference between the two sections concerns which public officials are entitled to the confidential information. Thus, the objective of sec. 51.30, Stats., to preserve the confidentiality of treatment records it hardly imperilled by disclosing certain aspects of those treatment records in child abuse or neglect situations to other appropriate public officials who themselves are under a duty to preserve the confidentiality.
Second, the overall purposes of these separate pieces of legislation can be achieved and harmonized only by requiring reporting under *Page 346 
sec. 48.981, Stats. Section 51.30, Stats., encourages persons with disabilities, such as alcoholism, to seek treatment without fear of public disclosure. Children present a unique circumstance in that their disabilities might result from abuse or neglect, and the public officials needed to serve their needs must be notified if the underlying causes are to be remedied. In each case the goal is to cure the particular physical or medical problem in material part by imposing confidentiality restrictions on those persons necessary to the cure and by preventing disclosure to all others (with narrowly drawn exceptions).
This harmonization of the statutes jeopardizes no interest sought by sec. 51.30, Stats., and fully implements sec. 48.981, Stats. A contrary interpretation, on the other hand, would defeat the purpose of sec. 48.981, Stats., to report child abuse or neglect in critical situations without serving any interest essential to sec. 51.30, Stats.
Other legislative evidence supports this interpretation. The statutes in their current form were contemporaneously passed by the 1977 Legislature. Chs. 355 and 428, Laws of 1977. In respect to child abuse and neglect, the Legislature declared its liberal purpose as follows:
 It is the purpose of this act to protect the health and welfare of children by encouraging the reporting of suspected child abuse and child neglect in a manner which assures that appropriate protective services will be provided to abused and neglected children and that appropriate services will be offered to families of abused and neglected children in order to protect such children from further harm and to promote the well-being of the child in his or her home setting, whenever possible.
Ch. 355, sec. 1, Laws of 1977.
As further evidence that this reporting requirement must prevail, the Legislature exonerated those making good faith reports from "any liability, civil or criminal." Sec. 48.981 (4), Stats. This immunity from liability would include immunity from the damage and penalty provisions of sec. 51.30 (9) and (10), Stats.
As a final piece of evidence of overall intent, the Legislature expressly made the confidentiality provisions of sec. 51.30
(4)(a), Stats., subordinate to sec. 905.04, Stats. That section creates a physician-patient testimonial privilege, but expressly exempts "situations *Page 347 
where the examination of an abused or injured child creates a reasonable ground for an opinion of the physician that the condition was other than accidentally caused or inflicted by another." Sec. 905.04 (4)(e), Stats.
Accordingly, it is my opinion that the Legislature intended to protect children by requiring physicians and others to report cases of suspected child abuse or neglect and that the confidentiality provisions of sec. 51.30, Stats., do not constitute an exception to this duty to report.
BCL:CDH